IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES EARL RICO JONES,<br><br>Petitioner,<br><br>vs.<br><br>SONYA N. CARTER,<br>#CAZCH4RBTYTWW;<br><br>Respondent. | 8:22CV339<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on preliminary review of Petitioner James Earl Rico Jones' Petition for Writ of Habeas Corpus, Filing No. 2, brought pursuant to 28 U.S.C. § 2241. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal Court. Because the state civil court action is not cognizable on habeas review, this action will be summarily dismissed.

**I. Background**

Petitioner is a civilly committed sex offender confined at the Norfolk Regional Center. Petitioner filed an application for a writ of habeas corpus before this Court, pursuant to 28 U.S.C. § 2241, seeking a ruling from this Court overturning the finding of paternity, as well as the assessment of a child support arrearage, by "Douglas County Child Support Enforcement." Filing No. 2 at 2. Petitioner is asserting that he was unable to challenge the assertion of paternity made as he was incarcerated both at the time the

mother of the child in question became pregnant and during the time the support order was entered. Filing No. 2 at 2, 6.

## II. Discussion

Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Petitioner is challenging a state civil court paternity judgment against him which found him to be the legal father of the child in question and assessed against him a child support arrearage. What Petitioner is not challenging is the basis of his current custody or the validity of the state court's judgment that has placed him in custody. Rather, he seeks to have this Court overturn an unrelated state civil court judgment through the mechanism of habeas corpus. This he cannot do.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991); *see Poe v. Caspari,* 39 F.3d 204, 207 (8th Cir.1994) ("Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law."); *Watts v. Bonneville,* 879 F.2d 685, 687 (9th Cir.1989) (alleged violation of state sentencing statute not cognizable in federal habeas proceedings). Furthermore, a habeas petitioner "may not ... transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day,* 110 F.3d 1380, 1389 (9th Cir.1996).

2

Simply put, Petitioner's request for review of a state court paternity action is not cognizable on habeas corpus review.

Accordingly,

**IT IS HEREBY ORDERED** that:

1. Petitioner's application for writ of habeas corpus, Filing No. 2, is denied and dismissed without prejudice.

2. Petitioner's motion for leave to proceed in forma pauperis and motion for summons, Filing No. 5, are denied as moot.

3. A separate Judgment shall accompany this Memorandum and Order.

Dated this 20th day of December, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge